IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| MICHAEL J. PISKANIN, | |
| Plaintiff | Civil Action No. 09-322J |
|  | Judge Kim R. Gibson |
|  | Magistrate Judge Lenihan |
| vs. | |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al., | Re: Doc. No. 33 |
| Defendants | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the "Petition for Emergency Preliminary Relief" be denied.

### II. REPORT

#### A. Relevant Procedural History

Michael Piskanin(Plaintiff), has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On August 11, 2010 the court docketed a Petition for Emergency Preliminary Relief From Double Jeopardy, Illegal Sentences and Irreparable Harm (ECF No. 33). The motion asserts that he was unlawfully sentenced and has been and continues to be, in illegal detention. Plaintiff has failed to carry his burden of demonstrating that he is entitled to the extraordinary relief of an injunction for the reasons set forth below.

B.  **Applicable Legal Standards**

In determining whether an injunction is warranted, a court must consider: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably harmed by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. American Civil Liberties Union v. Reno, 217 F.3d 162, 172 (3d Cir. 2000), vacated on other grounds and remanded sub nom., Ashcroft v. American Civil Liberties Union, 535 U.S. 564 (2002). More specifically with regards to the fourth prong, one seeking preliminary relief must show that the issuance of the injunctive relief would not be adverse to the public interest. Dominion Video Satellite, Inc. v. Echostar Corp., 269 F.3d 1149, 1154 (10th Cir. 2001). It "frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)(emphasis deleted).

Further, it is well established general law with respect to equitable injunctive relief that the Court is to bear constantly in mind that an "[i]njunction is an equitable remedy which should not be lightly indulged in, but used sparingly and only in a clear and plain case." Plain Dealer Publishing Co. v. Cleveland Type.

Union # 53, 520 F.2d 1220, 1230 (6th Cir. 1975), cert. denied, 428 U.S. 909 (1977). As a corollary of this principle that preliminary injunctions should issue only in a clear and plain case, our Third Circuit Court of Appeals has observed that "upon an application for a preliminary injunction to doubt is to deny." Madison Square Garden Corp. v. Braddock, 90 F.2d 924, 927 (3d Cir. 1937). See also Spirol Int'l Corp. v. Vogelsang Corp., 652 F.Supp. 160, 161 (D.N.J. 1986).).

Moreover, it is plaintiff's burden to show that the "preliminary injunction must be the only way of protecting the plaintiff from harm." See Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992). With respect to the "irreparable harm" prong of proving entitlement to a TRO, the Court of Appeals for the Third Circuit has emphasized that the "key aspect of this prerequisite is proof that the feared injury is irreparable; mere injury, even if serious or substantial, is not sufficient." United States v. Commonwealth of Pennsylvania, 533 F.2d 107, 110 (3d Cir. 1976). Additionally, in carrying his burden to show irreparable harm, a "plaintiff must make a clear showing that irreparable harm will occur immediately.

*See* ECRI v. McGraw- Hill, Inc., 809 F.2d 223, 226 (3d Cir.1987). For "a showing of irreparable harm is insufficient if the harm will occur only in the indefinite future. Rather, the moving party must make a clear showing of *immediate* irreparable harm." Campbell Soup, 977 F.2d at 91 (internal quotations omitted). Indeed, the Court of Appeals for the Third Circuit "insisted that the risk of

3

irreparable harm must not be speculative." Adams v. Freedom Forge Corp., 204 F.3d 475, 488 (3d Cir. 2000).

C. **Discussion**

This is a civil rights action. In the present motion, Plaintiff is challenging his sentence and argues that he was improperly sentenced, his sentence was "illegally enhanced" and that he has been subjected to double jeopardy. He makes a blanket assertion in paragraph 11 of his motion that he "is subjected to Actual and imminent injury...." Yet he fails to show what that imminent injury is, other than the fact that he remains incarcerated. Plaintiff therefore fails to show the irreparable harm necessary to justify such extraordinary relief. See, e.g., M & G Electronics Sales Corp. v. Sony, 250 F.Supp.2d 91, 105 (E.D.N.Y. 2003)(statement by plaintiff seeking TRO that it "will suffer immeasurable and irreparable injury" constituted a "conclusory statement [which] is insufficient to show irreparable harm."). Plaintiff simply has not "by a clear showing, carrie[d] the burden of persuasion." Mazurek v. Armstrong, 520 U.S. at 972 (emphasis deleted).

He also asserts allegations against a number of people who are not defendants in this action, i.e. Senator Arlen Specter and Justice Joan Orie Melvin(¶3). The Court views this motion as Plaintiff's effort to circumvent the currently pending motion to dismiss his complaint under the "Three Strikes Rule" (ECF No.12). In addition, a civil rights case is not the proper vehicle with which

4

to attack one's criminal sentence.

## D. **CONCLUSION**

For the foregoing reasons, Plaintiff's petition for emergency preliminary relief should be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of issuance of this Order to file an appeal to the District Judge, which includes the basis for objection to this Order. Any party opposing the appeal shall have fourteen (14) days from the date of service of the notice of appeal to respond thereto. Failure to file a timely notice of appeal may constitute a waiver of any appellate rights.

                                      Lisa Pupo Lenihan
                                      U.S. Magistrate Judge

Dated: August 13, 2010

cc:
**MICHAEL J. PISKANIN**
GG-2457
SCI Cresson
PO Box A
Cresson, PA 16699-0001