IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| MICHAEL J. PISKANIN, | ) | |
|---|---|---|
| | ) | Civil Action No. 09 - 322J |
| Plaintiff, | ) | |
| | ) | District Judge Kim R. Gibson |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| PA DEPT. OF CORRECTIONS, et al | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I. RECOMMENDATION

It is respectfully recommended that Defendants' Motion to Dismiss the Complaint (ECF No. 12) be granted. It is further recommended that this Court's Order granting Plaintiff's motion to proceed in forma pauperis (ECF No. 4) be vacated, that Plaintiff's motion to proceed in forma pauperis (ECF No. 3) be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed for Plaintiff's failure to pay the filing fee, with the right of Plaintiff to reopen by paying the full $350.00 filing fee within sixty (60) days.

II. REPORT

On December 23, 2009, Plaintiff, a prisoner presently confined at the State Correctional Institution at Cresson, Pennsylvania, commenced the present civil rights action. On April 2, 2010, this Court granted the Plaintiff's Motion to Proceed In Forma Pauperis (IFP) in the current action (ECF No.4). Subsequently, on June 4, 2010, Defendants filed a Motion to Dismiss this case asserting that the Court erred in granting Plaintiff's Motion to Proceed IFP under the directive in 28 U.S.C. § 1915(g), that was passed as part of the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). Specifically, Defendants assert that Plaintiff has had at least three

prior actions dismissed on the grounds that they were frivolous or failed to state a claim upon which relief may be granted. Plaintiff was granted additional time to respond to Defendants' Motion and filed his response on August 16, 2010 (ECF No. 35). Consequently, this Court is required to review the Plaintiff's action under the directive in 28 U.S.C. § 1915(g).

In this regard, in the PLRA, Congress adopted a new section known as the "three strikes rule," codified at 28 U.S.C. § 1915(g), which provides as follows.

> (g)  In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (as amended).

Under the three strikes rule, a prisoner who, on three or more prior occasions while incarcerated, has filed an action in a federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied IFP status unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Court records provided by Defendants indicate that Plaintiff has had three prior actions dismissed either as frivolous or for failure to state a claim upon which relief may be granted.

Specifically, in <u>Michael J. Piskanin v. Kelly L. Banach et al.</u>, Civil Action No. 07-4655 (E.D.Pa.), his action was dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted by Order dated December 15, 2008. In <u>Michael J. Piskanin v. Gary Hammer et al.</u>, Civil No. 07-2518, the Court of Appeals for the Third Circuit dismissed his action pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous and/or malicious by

2

Judgment dated March 18, 2008.[1] In <u>Michael J. Piskanin v. Court of Common Please of Lehigh County et al.</u>, Civil No. 09-3614, the Court of Appeal for the Third Circuit dismissed the action pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous and/or malicious by Judgment dated December 29, 2009.

Although the Plaintiff has had at least three previous "strikes," he may be entitled to proceed in forma pauperis under the "imminent danger" exception to the three strikes rule. To satisfy the imminent danger element, the Plaintiff must allege facts showing that he was in imminent danger at the time the complaint was filed; allegations that the prisoner has faced imminent danger in the past are insufficient to trigger the exception to section 1915(g). *See* <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307 (3d Cir. 2001) (overruling <u>Gibbs v. Roman</u>, 116 F.3d 83, 86 (3d Cir. 1997)). In making this determination, the court should construe all allegations in a complaint in favor of the plaintiff. <u>Gibbs v. Cross</u>, 160 F.3d 962, 965 (3d Cir. 1998); <u>Gibbs v. Roman</u>, 116 F.3d at 86. The Court of Appeals for the Third Circuit has instructed that:

> "[i]mminent" dangers are those dangers which are about to occur at any moment or are impending. By using the term "imminent," Congress indicated that it wanted to include a safety valve for the "three strikes" rule to prevent impending harms, not those harms that had already occurred. The imminent danger exception allows the district court to permit an otherwise barred prisoner to file a complaint I.F.P. if the prisoner could be subject to serious physical injury and does not then have the requisite filing fee.

<u>Abdul-Akbar</u>, 239 F.3d at 315 (internal citation omitted).

---

1. A court of appeals' dismissal of an appeal as frivolous or for failure to state a claim counts as a strike pursuant to 28 U.S.C. § 1915(g). *See, e.g.*, <u>Royal v. Young</u>, 97 Fed. Appx. 66, 2004 WL 1088497 (8th Cir. May 17, 2004); <u>Ortiz v. McBride</u>, 380 F.3d 649 (2d Cir. 2004); <u>Thompson v. Gibson</u>, 289 F.3d 1218 (10th Cir. 2002); <u>Glick v. Romer</u>, 210 F.3d 389, 2000 WL 328127(10th Cir. March 29, 2000) (counting both dismissals by District Court and Circuit Court as strikes).

A review of Plaintiff's allegations fails to indicate any imminent danger of physical injury caused by the Defendants' alleged misconduct when the action was filed. Moreover, in his Response to Defendants' Motion, Plaintiff does not deny that he has had three strikes under the statute; he merely states that Defendants should be estopped from asserting this defense. Plaintiff has not cited any authority for his position. Accordingly, Plaintiff's motion to proceed IFP should not have been granted under the three strikes rule in 28 U.S.C. § 1915(g).[2]

## III. CONCLUSION

Based on the discussion above, it is respectfully recommended that Defendants' Motion to Dismiss the Complaint (ECF No. 12) be granted. It is further recommended that this Court's Order granting Plaintiff's motion to proceed in forma pauperis (ECF No. 4) be vacated, that Plaintiff's motion to proceed in forma pauperis (ECF No. 3) be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed for Plaintiff's failure to pay the filing fee, with the right of Plaintiff to reopen by paying the full $350.00 filing fee within sixty (60) days.

In accordance with the applicable provisions of the Magistrate Judges Act [28 U.S.C. § 636(b)(1)(B) & (C)] and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen days from the date on which the objections are served to file its response. A party's failure to file timely objections may constitute a waiver of that party's appellate rights.

---

2. It is noted by the Court that the docket entries in this action do not show that any partial filing fees have been received for this action. Thus, it is not necessary to order the Clerk of Court to refund any monies to Plaintiff.

Dated: August 17, 2010

_____
Lisa Pupo Lenihan
United States Magistrate Judge

Michael J. Piskanin
GG-2457
SCI Cresson
PO Box A
Cresson, PA 16699-0001