IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL J. PISKANIN,

    Plaintiff

vs.

PENNSYLVANIA DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants

Civil Action No. 09-322
Judge Kim R. Gibson
Magistrate Judge Lenihan

Re: ECF. No. 41

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the "Petition for Emergency Preliminary Relief" be denied.

### II. REPORT

#### A. Relevant Procedural History

Michael Piskanin (Plaintiff) filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On August 17, 2010 the undersigned filed a Report & Recommendation recommending that the Defendants' Motion to Dismiss on the basis of the "three strikes rule" be granted. The present Motion was filed on August 24 and a Response filed August 26. One exception to the "three strikes rule" is the "imminent danger" exception. To satisfy this Plaintiff must

allege facts showing that he was in imminent danger at the time the complaint was filed. Plaintiff has filed Objections to the Report & Recommendation in which he alleges imminent danger in the general form of "threats to plaintiff, health and safety." ECF No. 43 p. 1. He also alleges a conspiracy involving, *inter alia*, Attorney General Corbett, Senator Specter and the "Lehigh Retaliators" trying to murder Plaintiff. ECF No. 43 p. 2. The present Motion talks generally about attempts to murder Plaintiff, although does not name any of the aforementioned persons or groups. Although titled a Motion for Emergency Relief, i.e. an injunction, it appears to be another attempt to survive having to pay filing fees in order to pursue his present claims.

For the reasons set forth below, Plaintiff has failed to carry his burden of demonstrating that he is entitled to the extraordinary relief of an injunction.

### B. **Applicable Legal Standards**

In determining whether an injunction is warranted, a court must consider: (1) whether the movant has shown a reasonable probability of success on the merits;(2) whether the movant will be irreparably harmed by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary

2

relief will be in the public interest. American Civil Liberties Union v. Reno, 217 F.3d 162, 172 (3d Cir. 2000), vacated on other grounds and remanded sub nom., Ashcroft v. American Civil Liberties Union, 535 U.S. 564 (2002). More specifically with regards to the fourth prong, one seeking preliminary relief must show that the issuance of the injunctive relief would not be adverse to the public interest. Dominion Video Satellite, Inc. v. Echostar Corp., 269 F.3d 1149, 1154 (10th Cir. 2001). It "frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)(emphasis deleted).

Further, it is well established general law with respect to equitable injunctive relief that the Court is to bear constantly in mind that an "[i]njunction is an equitable remedy which should not be lightly indulged in, but used sparingly and only in a clear and plain case." Plain Dealer Publishing Co. v. Cleveland Type. Union # 53, 520 F.2d 1220, 1230 (6th Cir. 1975), cert. denied, 428 U.S. 909 (1977). As a corollary of this principle that preliminary injunctions should issue only in a clear and plain case, our Third Circuit Court of Appeals has observed that

3

"upon an application for a preliminary injunction to doubt is to deny." Madison Square Garden Corp. v. Braddock, 90 F.2d 924, 927 (3d Cir. 1937). See also Spirol Int'l Corp. v. Vogelsang Corp., 652 F.Supp. 160, 161 (D.N.J. 1986).). Moreover, it is plaintiff's burden to show that the "preliminary injunction must be the only way of protecting the plaintiff from harm." See Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992). With respect to the "irreparable harm" prong of proving entitlement to a TRO, the Court of Appeals for the Third Circuit has emphasized that the "key aspect of this prerequisite is proof that the feared injury is irreparable; mere injury, even if serious or substantial, is not sufficient." United States v. Commonwealth of Pennsylvania, 533 F.2d 107, 110 (3d Cir. 1976). Additionally, in carrying his burden to show irreparable harm, a "plaintiff must make a clear showing that irreparable harm will occur immediately. *See* ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir.1987). For "a showing of irreparable harm is insufficient if the harm will occur only in the indefinite future. Rather, the moving party must make a clear showing of *immediate* irreparable harm." Campbell Soup, 977 F.2d at 91 (internal quotations omitted). Indeed, the Court of Appeals for the Third Circuit "insisted that the risk of irreparable harm

must not be speculative." <u>Adams v. Freedom Forge Corp.</u>, 204 F.3d 475, 488 (3d Cir. 2000).

C. **Discussion**

Plaintiff does not state any specific acts that have violated his rights or that will cause him further harm. He generally references attempts to murder and assault him, but does not provide any specifics as to these attempts. He alleges that the defendants are taking illegal actions against him, referring to "the revival of an expunged 50+ year old juvenile adjudication," and interference with his dignities, health and mental health - again with no specifics. He alleges slander, libel and defamation by his being listed as a "violent offender."

In their response, Defendants refer to a habit Plaintiff has of making "incredible conspiracy allegations." ECF No. 44 p. 2. They argue that all of these allegations are conclusory, with no details provided. Other then the completely unsubstantiated allegation that someone is attempting to murder the Plaintiff, none of his allegations rise to the level of immediate or irreparable injury. Liable or slander, interference with his access to the courts, or the revival of an expunged juvenile record do not satisfy Plaintiff's burden. See, <u>United States v. Commonwealth of Pennsylvania</u>, 533 F.2d at 110 (3d Cir.

5

1976)(allegations of mere injury are insufficient). Plaintiff's bald and conclusory statements are also insufficient. See, e.g., M & G Electronics Sales Corp. v. Sony, 250 F.Supp.2d 91, 105 (E.D.N.Y. 2003)(statement by plaintiff seeking TRO that it "will suffer immeasurable and irreparable injury" constituted a "conclusory statement [which] is insufficient to show irreparable harm."). Plaintiff simply has not "by a clear showing, carrie[d] the burden of persuasion." Mazurek v. Armstrong, 520 U.S. at 972 (emphasis deleted).

For the foregoing reasons, Plaintiff's Motion for Emergency Relief should be denied.

### III. **CONCLUSION**

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of issuance of this Order to file an appeal to the District Judge, which includes the basis for objection to this Order. Any party opposing the appeal shall have fourteen (14) days from the date of service of the notice of appeal to respond thereto. Failure to file a timely notice of appeal may constitute a waiver of any appellate rights.

Dated: August 31, 2010

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　Lisa Pupo Lenihan
　　　　　　　　　　　　　　　　　　　　U.S. Magistrate Judge

cc:

**MICHAEL J. PISKANIN**
GG-2457
SCI Cresson
PO Box A
Cresson, PA 16699-0001

Counsel of record